STEVEN W. MYHRE
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Nevada Bar. No. 4790
333 Las Vegas Blvd. So., Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Fax: (702) 388-6787
E-mail: Blaine.Welsh@usdoj.gov

DAVID S. FISHBACK
Assistant Director
STEVEN M. TALSON
Senior Trial Counsel
WAGNER JACKSON
GAY E. KANG
CHARLES A. QUINLAN, III
Trial Attorneys
Environmental Torts Section
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4224
Fax: (202) 616-4473
E-Mail:Charles.Quinlan@usdoj.gov
         Steven.Talson@usdoj.gov
         Wagner.Jackson@usdoj.gov
         Gay.Kang@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN FRANCKI, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES, et al., ) <br> ) <br> Defendants. ) | Case No. 3:06-cv-0265-LRH-VPC |

**JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENTS**

1  Plaintiffs and Defendants United States of America, Hologic, Inc. and Radiation
2  Detection Company respectfully request that this Court determine that the releases and
3  settlement agreements negotiated between the Plaintiffs and Defendants were made in good
4  faith. This motion is supported by the accompanying Memorandum of Points and Authorities.

6  THE VEEN FIRM

*[signature]*

8  CYNTHIA B. MCGUINN
   MILES B. COOPER
9  ANTHONY L. LABEL
   Attorneys for Plaintiffs John Francki, Lance
10 Hepworth, Scot Long, and Shane Nelson

11 DATED: 28 Nov 2007

13 NIXON PEABODY

15 HUGH KOSS
   PAUL STINSON

16 Attorneys for Defendant Hologic, Inc.

17 DATED:_____

19
20 ERICKSON, THORPE & SWAINSTON, LTD.

22
23 WILLIAM COBB

24 Attorneys for Defendant Radiation Detection Company

25 DATED:_____


STEVEN W. MYHRE
United States Attorney

BLAINE T. WELSH
Assistant United States Attorney
DAVID S. FISHBACK
Assistant Director
STEVEN M. TALSON
Senior Trial Counsel
WAGNER JACKSON
GAY E. KANG
CHARLES A. QUINLAN, III
Trial Attorneys
Environmental Torts Section
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for the United States.

DATED:_____

-2-

Plaintiffs and Defendants United States of America, Hologic, Inc. and Radiation Detection Company respectfully request that this Court determine that the releases and settlement agreements negotiated between the Plaintiffs and Defendants were made in good faith. This motion is supported by the accompanying Memorandum of Points and Authorities.

THE VEEN FIRM

---

CYNTHIA B. MCGUINN
MILES B. COOPER
ANTHONY L. LABEL
Attorneys for Plaintiffs John Francki, Lance Hepworth, Scot Long, and Shane Nelson

DATED: _____

NIXON PEABODY

---

HUGH KOSS
PAUL STINSON

Attorneys for Defendant Hologic, Inc.

DATED: 12/4/07

ERICKSON, THORPE & SWAINSTON, LTD.

---

WILLIAM COBB

Attorneys for Defendant Radiation Detection Company

DATED: _____

STEVEN W. MYHRE
United States Attorney

---

BLAINE T. WELSH
Assistant United States Attorney
DAVID S. FISHBACK
Assistant Director
STEVEN M. TALSON
Senior Trial Counsel
WAGNER JACKSON
GAY E. KANG
CHARLES A. QUINLAN, III
Trial Attorneys
Environmental Torts Section
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for the United States.

DATED: _____

Plaintiffs and Defendants United States of America, Hologic, Inc. and Radiation Detection Company respectfully request that this Court determine that the releases and settlement agreements negotiated between the Plaintiffs and Defendants were made in good faith. This motion is supported by the accompanying Memorandum of Points and Authorities.

| | |
|---|---|
| THE VEEN FIRM | STEVEN W. MYHRE<br>United States Attorney |
| _____<br>CYNTHIA B. MCGUINN<br>MILES B. COOPER<br>ANTHONY L. LABEL<br>Attorneys for Plaintiffs John Francki, Lance Hepworth, Scot Long, and Shane Nelson<br><br>DATED: _____ | _____<br>BLAINE T. WELSH<br>Assistant United States Attorney<br>DAVID S. FISHBACK<br>Assistant Director<br>STEVEN M. TALSON<br>Senior Trial Counsel<br>WAGNER JACKSON<br>GAY E. KANG<br>CHARLES A. QUINLAN, III<br>Trial Attorneys<br>Environmental Torts Section<br>Torts Branch, Civil Division<br>U.S. Department of Justice |
| NIXON PEABODY | |
| _____<br>HUGH KOSS<br>PAUL STINSON<br><br>Attorneys for Defendant Hologic, Inc.<br><br>DATED: _____ | Attorneys for the United States.<br><br>DATED: _____ |
| ERICKSON, THORPE & SWAINSTON, LTD.<br><br>*/s/ William H. Cobb*<br>WILLIAM COBB<br><br>Attorneys for Defendant Radiation Detection Company<br><br>DATED: 11.28.07 | |

-2-

1  Plaintiffs and Defendants United States of America, Hologic, Inc. and Radiation
2  Detection Company respectfully request that this Court determine that the releases and
3  settlement agreements negotiated between the Plaintiffs and Defendants were made in good
4  faith. This motion is supported by the accompanying Memorandum of Points and Authorities.
5
6  THE VEEN FIRM

STEVEN W. MYHRE
7  United States Attorney

8  _____  /s/ Blaine T. Welsh
   CYNTHIA B. MCGUINN       BLAINE T. WELSH
   MILES B. COOPER          Assistant United States Attorney
9  ANTHONY L. LABEL         DAVID S. FISHBACK
   Attorneys for Plaintiffs John Francki, Lance   Assistant Director
10 Hepworth, Scot Long, and Shane Nelson          STEVEN M. TALSON
11 DATED: _____   Senior Trial Counsel
                            WAGNER JACKSON
12                          GAY E. KANG
                            CHARLES A. QUINLAN, III
13 NIXON PEABODY            Trial Attorneys
                            Environmental Torts Section
14                          Torts Branch, Civil Division
                            U.S. Department of Justice
15 _____
   HUGH KOSS
   PAUL STINSON             Attorneys for the United States.
16
   Attorneys for Defendant Hologic, Inc.          DATED: _____
17
   DATED: _____
18

19
   ERICKSON, THORPE & SWAINSTON,
20 LTD.

21

22 _____
   WILLIAM COBB
23
   Attorneys for Defendant Radiation
24 Detection
   Company
25
   DATED: _____
26

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Background

This case involves personal injury allegations by employees of a government contractor, The Boeing Company (Boeing), who were injured while using an x-ray machine to examine the structural integrity of Navy aircraft located at the Fallon Naval Air Station, Nevada. In their amended complaint, Plaintiffs named three defendants: the United States, Hologic, Inc., and Radiation Detection Company.

Generally, Plaintiffs allege that the United States was negligent because it provided Plaintiffs with a malfunctioning x-ray unit and failed to provide a safe workplace. Plaintiffs allege that Defendant Hologic, Inc., failed to properly repair the x-ray equipment and that it was improperly designed. Plaintiffs also allege that Radiation Detection Company neglected to report to Boeing high radiation exposure readings on certain radiation detection badges worn by Plaintiffs and that if it had done so, some of the over-exposure would not have occurred.[1]

Plaintiffs seek recovery from the United States based on claims submitted pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), *et seq.* The FTCA is a limited waiver of sovereign immunity. *United States v. Idaho*, 508 U.S. 1, 6-7 (1993). Because the federal government "can be sued only to the extent that it has waived its immunity, due regard must be given to the [Act's] exceptions." *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA provides that the United States shall not be liable for the negligence of its contractors (28 U.S.C. §2671), *see United States v. Orleans*, 425 U.S. at 814-15; and that the United States does not waive its sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused" (28 U.S.C. §

---

[1] The characterization of allegations in this paragraph are a summary of the principal averments and allegations made by plaintiffs. The allegations made by Plaintiffs are set forth in greater detail in Plaintiffs' First Amended Complaint.

-3-

1  2680(a), popularly known as the discretionary function exception). *See United States v.*
2  *Gaubert*, 499 U.S. 315 (1991). If the government did not violate pertinent, self-imposed specific
3  and mandatory obligations and its decisions were "susceptible to policy analysis," then the
4  exception bars the suit. *See Bibeau v. P.N.W. Research Foundation*, 339 F.3d 942, 945 (9th Cir.
5  2003), *citing Gaubert*.

6  If those jurisdictional hurdles are overcome, the United States' liability is determined by
7  the substantive law of the state in which the alleged negligence occurred – in this case, Nevada.
8  28 U.S.C. §1346(b); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001),
9  *cert. denied by Kim v. United States*, 534 U.S. 1082 (2002).

10  In Nevada, "claims for tort damages in connection with workplace injuries are only
11  sustainable against persons or entities other than a statutory employer or persons in the same
12  employ." *Lipps v. Southern Nevada Paving*, 998 P.2d 1183, 1185 (Nev. 2000) (emphasis
13  added). In Nevada, a "statutory employer" includes entities that delegate work to contractors, so
14  long as the work being done by the contractors is work "normally" done by the delegating entity.
15  *See Meers v. Haughton Elevator*, 701 P.2d 1006, 1007 (Nev. 1985), *quoting Bassett Furniture*
16  *Indus., Inc. v. McReynolds*, 224 S.E. 2d 323, 326 (Va. 1976).

17  The United States believes it is unlikely that it would be found liable in this action,
18  primarily because of the impact of Nevada's statutory employer immunity defense.
19  Specifically, the United States has contended in pleadings filed in this action that it cannot be
20  liable here because the Plaintiffs were employed to perform work normally done by the Navy,
21  thus making the Navy a "statutory employer" under Nevada law, immune from suit from
22  employees covered by workers' compensation arrangements.

23  Further, the United States denies that it is liable in any manner for any of Plaintiffs'
24  alleged injuries and alleges that the radiation exposure events were caused by others, including
25  Hologic, Inc, Radiation Detection Company and Plaintiffs themselves.

26  . . .

1   Hologic, Inc. denies that it is liable in any manner - whether in strict product liability,
2 negligence, or otherwise - for any of Plaintiffs' alleged injuries and further alleges that the
3 radiation exposure events were caused by others, including the United States, Radiation
4 Detection Company and Plaintiffs themselves. Hologic further alleges that the United States is
5 not immune from suit under the terms of the FTCA and Nevada's workers compensation scheme
6 and that it would in fact have been found liable in this matter.

7   Radiation Detection Company denies that it is liable in any manner to Plaintiffs or any of
8 them, whether in negligence, strict liability, breach of contract, or otherwise - for any of
9 Plaintiffs' alleged injuries and damages. Radiation Detection Company further asserts that it did
10 not "cause" any of the radiation exposure events which RDC asserts were proximately caused
11 and contributed by third parties, Hologic, Inc., the United States government, and/or by Plaintiffs
12 themselves. Radiation Detection Company further alleges that the United States is not immune
13 from suit under the terms of the FTCA and/or Nevada's workers compensation scheme and that
14 if the matter proceeded to trial the United States would have been found liable in this matter.

15   All defendants believe that some or all of the injuries Plaintiffs suffered were caused by
16 their own actions or omissions.

17   **II.   Argument**

18   Under NRS 17.245, when a release of claims is given in good faith to one of two or more
19 tortfeasors, that release discharges the tortfeasor to whom it is given from all liability for
20 contribution and for equitable indemnity to any other tortfeasor. In determining whether a
21 release has been given in good faith, courts have looked at a number of factors, including the
22 following:

23   1.   The amount paid in settlement;
24   2.   Whether there is any collusion, fraud or tortious conduct aimed at injuring the
25 interests of the non-settling tortfeasors;
26   3.   The allocation of settlement proceeds; etc.

*See The Doctors Company v. Vincent*, 98 P.3d 681, 687 (2004). These factors are not the exclusive criteria a court should use to make its determination, however. Rather the determination of whether a settlement and release are made in good faith is left to the discretion of the trial court based on all relevant factors available to the court. *Id.*

The facts and circumstances in this case demonstrate that the settlement between Plaintiffs and the Defendants were arrived at in good faith. Despite the Defendants' defenses and the Plaintiffs' own alleged contributions to the incidents causing their injuries, each of the Defendants has agreed to pay the Plaintiffs a sum of money. Because at least one of the settlements is confidential, the amounts paid by each Defendant are set forth in a sealed exhibit that is submitted with this Stipulation.

To the best of the parties knowledge, there are no non-settling tortfeasors. As a result of the mediation session before Harold Thompson and the Court-sponsored settlement conference, all of the named Defendants have reached settlement agreements with Plaintiffs. In addition, the claims of the industrial insurance carrier for Plaintiffs' employer, Boeing Aerospace, have been compromised and resolved in full by Plaintiffs and their attorneys.

The Plaintiffs and Defendants have not agreed how the settlement proceeds will be distributed among the Plaintiffs. Plaintiffs are represented by one law firm and have all agreed to the settlements. The Plaintiffs will decide amongst themselves and their attorneys on the proper division of the settlement proceeds.

In addition, the Defendants and Plaintiffs note that settling this case will save all parties a significant sum of money and considerable time. Before the settlements were reached, the United States had produced more than 50,000 pages of documents related to the statutory employer defense and had approximately 15,000 additional pages of documents to produce. The cost of reviewing, analyzing and compiling that information would be significant and would add significant additional time to the pretrial proceedings in this case. Also, the parties had contemplated several depositions of government employees at locations around the United States

-6-

1  on the statutory employer defense issues. Those depositions will no longer be necessary because
2  of this settlement.
3      In addition, were this matter to proceed without settlement, the parties would have
4  retained numerous expert witnesses, including medical doctors, psychologists, vocational
5  rehabilitation specialists, engineers, and economists. The cost associated with the experts
6  including reports, deposition and trial testimony will be saved because the parties have settled.
7  The time and cost savings associated with the statutory employer defense and expert witnesses
8  could easily have exceeded $400,000.
9      Plaintiffs also represent that they believe the amounts paid in settlement by each of the
10  Defendants are reasonable in light of the injuries allegedly sustained.
11      These facts and circumstances demonstrate that the releases and settlement agreements
12  between the Plaintiffs and the Defendants were made in good faith.
13      **III.  Conclusion**
14      For the foregoing reasons, Plaintiffs and Defendants respectfully request that this Court
15  enter an order finding that the releases and settlement agreements between Plaintiffs and
16  Defendants were made in good faith and therefore preclude any contribution or equitable
17  indemnity claims by and between and or against any of the defendants by all tortfeasors for any
18  incidents that are or could have been raised by Plaintiffs in this action.
19  . . .
20  . . .
21  . . .
22  . . .
23  . . .
24  . . .
25  . . .
26  . . .

| | |
|---|---|
| 1  THE VEEN FIRM | STEVEN W. MYHRE |
| 2  *[signature]* | United States Attorney |
| 3  CYNTHIA B. MCGUINN | BLAINE T. WELSH |
|    MILES B. COOPER | Assistant United States Attorney |
| 4  ANTHONY L. LABEL | DAVID S. FISHBACK |
|    Attorneys for Plaintiffs John Francki, Lance | Assistant Director |
| 5  Hepworth, Scot Long, and Shane Nelson | STEVEN M. TALSON |
|    | Senior Trial Counsel |
| 6  DATED: 28 Nov 2007 | WAGNER JACKSON |
|    | GAY E. KANG |
| 7  | CHARLES A. QUINLAN, III |
|    | Trial Attorneys |
| 8  | Environmental Torts Section |
|    | Torts Branch, Civil Division |
| 9  | U.S. Department of Justice |
| 10 | Attorneys for the United States. |
|    NIXON PEABODY | |
| 11 | DATED:_____ |
| 12 _____ | |
|    HUGH KOSS | |
| 13 PAUL STINSON | |
| 14 Attorneys for Defendant Hologic, Inc. | |
| 15 DATED:_____ | |
| 16 | |
| 17 | |
| 18 ERICKSON, THORPE & SWAINSTON, LTD. | |
| 19 | |
| 20 _____ | |
| 21 WILLIAM COBB | |
| 22 Attorneys for Defendant Radiation Detection | |
| 23 Company | |
| 24 DATED:_____ | |
| 25 | |
| 26 | |

| | |
|---|---|
| 1  THE VEEN FIRM | STEVEN W. MYHRE |
| 2 | United States Attorney |
| 3  _____ | _____ |
|    CYNTHIA B. MCGUINN | BLAINE T. WELSH |
|    MILES B. COOPER | Assistant United States Attorney |
| 4  ANTHONY L. LABEL | DAVID S. FISHBACK |
|    Attorneys for Plaintiffs John Francki, Lance | Assistant Director |
| 5  Hepworth, Scot Long, and Shane Nelson | STEVEN M. TALSON |
|   | Senior Trial Counsel |
| 6  DATED: _____ | WAGNER JACKSON |
|   | GAY E. KANG |
| 7 | CHARLES A. QUINLAN, III |
|   | Trial Attorneys |
| 8 | Environmental Torts Section |
|   | Torts Branch, Civil Division |
| 9 | U.S. Department of Justice |
| 10 | Attorneys for the United States. |
|    NIXON PEABODY |  |
| 11 | DATED: _____ |
|    [signature] |  |
| 12  _____ | |
|    HUGH KOSS | |
| 13 PAUL STINSON | |
| 14 Attorneys for Defendant Hologic, Inc. | |
| 15 DATED: **12/4/07** | |
| 16 | |
| 17 | |
| 18 ERICKSON, THORPE & SWAINSTON, | |
|    LTD. | |
| 19 | |
| 20 | |
| 21 _____ | |
|    WILLIAM COBB | |
| 22 Attorneys for Defendant Radiation | |
|    Detection | |
| 23 Company | |
| 24 DATED:_____ | |
| 25 | |
| 26 | |

-8-

| | |
|---|---|
| THE VEEN FIRM | STEVEN W. MYHRE<br>United States Attorney |
| _____<br>CYNTHIA B. MCGUINN<br>MILES B. COOPER<br>ANTHONY L. LABEL<br>Attorneys for Plaintiffs John Francki, Lance Hepworth, Scot Long, and Shane Nelson<br><br>DATED: _____ | _____<br>BLAINE T. WELSH<br>Assistant United States Attorney<br>DAVID S. FISHBACK<br>Assistant Director<br>STEVEN M. TALSON<br>Senior Trial Counsel<br>WAGNER JACKSON<br>GAY E. KANG<br>CHARLES A. QUINLAN, III<br>Trial Attorneys<br>Environmental Torts Section<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br><br>Attorneys for the United States.<br><br>DATED: _____ |
| NIXON PEABODY<br><br>_____<br>HUGH KOSS<br>PAUL STINSON<br><br>Attorneys for Defendant Hologic, Inc.<br><br>DATED:_____ | |
| ERICKSON, THORPE & SWAINSTON, LTD.<br><br>*/s/ William J. Cobb*<br>_____<br>WILLIAM COBB<br><br>Attorneys for Defendant Radiation Detection Company<br><br>DATED: **11.28.07** | |

| | | |
|---|---|---|
| 1 | THE VEEN FIRM | STEVEN W. MYHRE<br>United States Attorney |
| 2 | | */s/ Blaine T. Welsh/* |
| 3 | CYNTHIA B. MCGUINN<br>MILES B. COOPER | BLAINE T. WELSH<br>Assistant United States Attorney |
| 4 | ANTHONY L. LABEL<br>Attorneys for Plaintiffs John Francki, Lance | DAVID S. FISHBACK<br>Assistant Director |
| 5 | Hepworth, Scot Long, and Shane Nelson | STEVEN M. TALSON<br>Senior Trial Counsel |
| 6 | DATED: _____ | WAGNER JACKSON<br>GAY E. KANG |
| 7 | | CHARLES A. QUINLAN, III<br>Trial Attorneys |
| 8 | | Environmental Torts Section<br>Torts Branch, Civil Division |
| 9 | | U.S. Department of Justice |
| 10 | | Attorneys for the United States. |
| 11 | NIXON PEABODY | DATED: December 4, 2007 |
| 12 | | |
| 13 | HUGH KOSS<br>PAUL STINSON | |
| 14 | Attorneys for Defendant Hologic, Inc. | |
| 15 | DATED:_____ | |
| 16 | | |
| 17 | | |
| 18 | ERICKSON, THORPE & SWAINSTON,<br>LTD. | |
| 19 | | |
| 20 | | |
| 21 | WILLIAM COBB | |
| 22 | Attorneys for Defendant Radiation<br>Detection | |
| 23 | Company | |
| 24 | DATED:_____ | |
| 25 | | |
| 26 | | |

-8-

-9-

## ORDER DETERMINING THAT SETTLEMENTS WERE MADE IN GOOD FAITH

The Court being duly informed and good cause appearing, the Court finds that the settlements, and each of them, by and between Plaintiffs and Defendants are in good faith within the terms and provisions of NRS 17.245. Accordingly, any claims for contribution and/or equitable indemnity by and between and/or against any of the Defendants by any tortfeasors are barred and precluded.

IT IS SO ORDERED:

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

DATED: December 6, 2007